IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **ROGER LEE BAKER, JR.,** : | |
| Petitioner, : | |
| v. : | NO. 4:20-CV-50-CDL-MSH |
| **STATE OF GEORGIA,** : | |
| Respondent. : | |

# ORDER

Petitioner Roger Lee Baker, Jr., an inmate at the Jenkins Correction Center in Millen, Georgia, filed a 28 U.S.C. § 2254 petition in which he challenges his 2008 convictions for malice murder, aggravated assault, and possession of a firearm during the commission of a crime in the Superior Court of Talbot County. ECF No. 1. Petitioner has moved to proceed *in forma pauperis*. ECF No. 3. Solely for purposes of this dismissal, the Court **GRANTS** his motion to proceed *in forma pauperis*. *Id*.

This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. Rule 4 provides that

> [t]he clerk must forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

This is the third § 2254 petition that Petitioner has filed in this Court challenging his 2008 Talbot County convictions and sentence. *Baker v. Goodrich*, 4:11-cv-80-CDL (M.D. Ga.)

("*Baker 1*") and *Baker v. Ga. Dep't of Corr.*, 4:16-cv-186-CDL (M.D. Ga.) ("*Baker 2*"). On December 23, 2011, the Court dismissed *Baker 1* as untimely filed. *Baker 1*, ECF No. 38. On June 2, 2016, the Court dismissed *Baker 2* as second or successive. *Baker 2*, ECF No. 7.

For the same reasons discussed in the Order dismissing *Baker 2*, this action must be dismissed as second or successive. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner on June 27, 2011. *Baker 1*, ECF No. 1. Furthermore, Petitioner's June 27, 2011 petition qualified as a first petition for the purpose of determining successor status because the Court dismissed it as untimely. *Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 683 (11th Cir. 2019) (citation omitted) (upholding district court's dismissal of habeas petition because "petitioner must satisfy the requirements of 28 U.S.C. § 2244(b) after his original § 2254 petition is dismissed as untimely"); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions"); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam ) (same). Therefore, the instant petition is second or successive.

Petitioner does not allege that he obtained the requisite permission from the

Eleventh Circuit Court of Appeals prior to filing this petition.  This failing operates as a jurisdictional bar that precludes this Court from considering the merits of the current petition.  *See* U.S.C. § 2244(b)(3)(A); *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to consider a second or successive petition on the merits and must dismiss it).

Accordingly, it is **ORDERED** that the instant petition be **DISMISSED** because the District Court lacks jurisdiction to consider a second habeas petition that has not been permitted by an appellate court.[1]  The Clerk of Court is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh Circuit for leave to file a successive habeas petition.

**SO ORDERED and DIRECTED**, this 20th day of April, 2020.

s/Clay D. Land
CLAY D. LAND, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court does not have jurisdiction in this action and, therefore, Petitioner's various motions, ECF Nos. 4; 5; 6; 8; 9, are **DENIED** as moot.